Jacob Markowitz, J.
Plaintiff, in this action to enforce the terms of an alleged option to purchase stock, moves for summary judgment.
In a writing dated February 5, 1965, defendants who collectively own or control 73% of the .stock of Eastern Can Co., Inc., *247 appear to have granted plaintiff “ the option or right to purchase all of the capital stock of eastern can go., inc.”, within their control. It was also provided that the option be exercised before June 1, 1965 in a manner specified, and that if exercised the purchase price would be $5.50 a share.
This writing was executed against a background of negotiations between the two corporate entities here involved whereby plaintiff as purchaser was attempting to acquire the assets of Eastern. A letter of intent, not necessarily binding on the parties, was signed, apparently to satisfy Securities and Exchange Commission requirements, with a definitive agreement to be made after further negotiations. Apparently to alleviate any apprehensions that plaintiff’s representatives may have had with regard to the nonbinding nature of the prolonged dealing between the parties in light of the necessity of the expenditure of time, effort and money to audit and investigate Eastern’s assets, defendants offered the option here in question.
It is defendants’ contention, in resisting both the action and this motion, that unexpressed in the writing is an oral condition that the option was only to be exercised if George M. Doliner, Eastern’s principal stockholder, violated an alleged undertaking to plaintiff’s representatives not to “use their offer for Eastern Can in an effort to better the price ” by shopping around for other offers. Since there is no proof that defendant Doliner did not observe this alleged condition, it is urged that the option agreement did not become operable.
Under the so-called “ parol evidence rule ” in this State, when a valid written contract or other written instrument has a clear meaning and contains the complete agreement or legal engagement of the parties, parol or other extrinsic evidence which tends to vary or contradict the terms of the writing is not admissible (Laskey v. Rubel Corp., 303 N. Y. 69; Fogelson v. Rackfay Constr. Co., 300 N. Y. 334; Mitchill v. Lath, 247 N. Y. 377; Thomas v. Scutt, 127 N. Y. 133). An exception is made when the object is to prove that a writing, apparently valid and complete on its face, was not to become effective unless and until the occurrence of an orally agreed upon condition precedent (Smith v. Dotterweich, 200 N. Y. 299). Admission of such evidence is permissible, however, not to vary or contradict the terms of the written instrument in contravention of the parol evidence rule, but to show that no contract ever came into existence. “ When the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact.” (Smith v. Dotterweich, supra, p. 305.)
*248 In the case at bar, defendants contend that the option did not become effective because it was subject to defendant’s Doliner’s committing some act inimical to the afore-mentioned negotiations before it ripened into a contract. It appears from the record herein that defendants’ attorney may have suggested that the option contain such conditional clauses, and even cautioned Doliner with respect to the consequences of an unconditional option; but it also appears that plaintiff rejected any suggestions along these lines, and defendants signed and delivered the agreement fully apprised of what they were doing. Unless it is clearly shown that the parties have previously agreed that the contract should not become effective until the happening of some contingency, parol evidence concerning statements made by defendants’ representatives alone, are inadmissible to establish the alleged condition (see Farrand Optical Co. v. Local 475,143 F. Supp. 527 [U. S. Dist. Ct., S. D. N. Y.]).
It is suggested by defendants that, even if extrinsic proof is not admissible under the classic applications of the parol evidence rule, there has been a liberalization of the rule occasioned by the adoption of the Uniform Commercial Code, effective September 27, 1964.
Section 2-202 of the code provides in pertinent part as follows:
“ Final Written Expression: Parol or Extrinsic Evidence.
“ Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented * * *
“ (b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement ”.
There is no doubt that the effect of this enactment is a loosening up of the parol evidence rule, in that it abolishes “ the presumption that a writing (apparently complete) is a total integration, ‘ a complete and exclusive statement of the terms agreed upon,’ and [requires] the court to make a definite finding that the parties intended a total integration, before ‘ consistent additional terms (parol) are to be excluded ’.” (1955 Report of N. Y. Law Rev. Comm., vol. 1, p. 598.)
While this so-called liberalization appears to be applicable solely to “ transactions in goods ” (Uniform Commercial Code, *249 § 2-102), the policy determinations underlying the code rule appear to be appropriate to almost every contract situation; and it has been suggested that “ the provision should receive broad application as a premise for reasoning in situations not covered by its express terms.” (“ The Uniform Commercial Code as a Premise of Judicial Reasoning ”, 65 Col. L. Rev. 880, 891.)
However, defendants’ position herein is unaided by adopting the code’s liberal reasoning to this situation, since the record compels a finding that the writing sought to be implemented is ‘ ‘ a complete and exclusive statement of the terms of the agreement ”. This is manifest from the fact that defendant Doliner’s attorney apparently urged the inclusion of a condition in the writing, that plaintiff’s representatives refused to agree to such an inclusion, and that Doliner, despite such refusal, decided to have the paper executed. It is contended on defendants’ behalf that a prudent man would not have entered into such an agreement without conditions. These arguments are totally irrelevant, since we here are not concerned with what men of reasonable prudence might have done, but rather with what these defendants deliberately did. Aside from the pressure of losing out in a business deal, there is nothing herein to show that defendants were under undue duress or victims of fraud. As noted in the Official Comment to section 2-202, 1958 Official Text, Uniform Commercial Code, “3. If the additional terms are such that, if agreed upon, they would certainly have been included in the document in the view of the court, then evidence of their alleged making must be kept from the trier of the fact.” Accordingly, defendants’ first affirmative defense is without basis.
The second defense which is predicated on the first and asserts that the agreement is illegal as a penalty is likewise without basis herein. The third defense which asserts that Doliner created a conflict between his individual and fiduciary capacities is specious. The fourth defense which is based upon alleged misrepresentations by plaintiff is without foundation and contrary to the facts before the court.
Defendants in their further effort to create triable issues have raised, in addition to the aforesaid defenses, the alleged failure to make certain filings with the Securities and Exchange Commission. It appears that all required filings had been made by plaintiff. However, even if plaintiff was in default thereof, it has no relevancy as to the contract rights of the parties herein.
In resisting summary judgment, it is incumbent upon defend *250 ants to come forward with matter of an evidentiary nature to demonstrate the presence of triable issues. “ General averments will not suffice.” (Bernard L. Shientag, Summary Judgment, 4 Fordham L. Rev. 209). Aside from bare allegations and statements by individuals who have no knowledge of the facts as to what they believe should have happened, all of which have no probative value, defendants have failed to raise any issue of fact herein.
The unique character of the stock involved and its general unavailability support plaintiff’s application for specific relief. The motion for summary judgment is granted.
(February 18, 1966)
In view of the disclosures made subsequent to the decision herein, the following comments are deemed necessary upon the settlement of the order granting summary judgment to the plaintiff. Apparently after this case started, the defendants, in anticipation of a judgment for specific performance entered against them and of the possibility of not being able to obtain a stay of execution pending appeal, caused a change to be made in the by-laws of the Eastern Can Co., Inc., so as to abrogate a provision which would permit a majority of the stock to call a special stockholders’ meeting on short notice to remove the management. It appears that on consent, the parties have agreed to a restoration of the by-laws to the form that they were in prior to March, 1965, conditioned upon a stay of judgment to give defendants an opportunity to apply, if so advised, for a stay pending appeal. However, even without such consent, the order would have decreed that such change be made in order to effectuate the decision of the court which defendants frustrated, and to place the parties into the position intended by their voluntary agreement.
Defendants, in their counterorder, have attempted to include a requirement that plaintiff deliver, upon the transfer of the stock, an instrument purportedly required by Securities and Exchange Commission Regulations. The enforcement of Securities and Exchange Commission Regulations is not within the province of this court, nor can the court anticipate that plaintiff will refuse or fail to comply with Federal regulatory requirements, if appropriate. The requested declarative language in this regard is therefore refused.