■ GEORGE BROOKS, Respondent, v. PHOEBE HORNING, Appellant. (Action No. 1.) PATRICIA BROOKS et al., Respondents, v. PHOEBE HORNING, Appellant. (Action No. 2.) — REYNOLDS, J. Appeal from an order of the Supreme Court, Fulton County, denying appellant's motion to dismiss the complaints and granting respondents' motion to strike appellant's defense of the Statute of Limitations. On September 13, 1960 an automobile of respondent George Brooks, an absent owner, driven by respondent Patricia Brooks, his daughter-in-law, was involved in an accident with an automobile owned and operated by appellant Phoebe Horning. Elizabeth Jackson and Evelyn Rulison, passengers in the Brooks' vehicle, commenced suit against respondent George Brooks and Phoebe Horning, the appellant here. Patricia Brooks was not sued. After trial of these actions the jury returned a verdict in favor of both passengers against respondent George Brooks and a no cause of action verdict in favor of appellant. Judgment entered on these verdicts was affirmed by this court (23 A D 2d 711). Meanwhile prior to the rendering of the above-mentioned verdicts respondent George Brooks commenced an action against appellant to recover damages to his car (Action No. 1), and a second suit was commenced against appellant, by Patricia Brooks seeking to recover for personal injuries and by George Stewart Brooks, her husband, seeking to recover for loss of his wife's services and medical expenses (Action No. 2). Both suits are based on the 1960 accident and both are grounded in negligence. Thereafter appellant moved to dismiss Action No. 1 on the ground that it was barred by the Statute of Limitations and Action No. 2 on the grounds that both claims were barred by *res judicata* and that respondent George Stewart Brooks' claim for loss of his wife's services was additionally barred by

the Statute of Limitations. Respondents in turn cross-moved to strike the defense of the Statute of Limitations. Special Term denied appellant's motions and granted respondents' cross motion and the instant appeal ensued. With respect to the motion and cross motion directed to the issue of the Statute of Limitations, appellant submitted an affidavit by her attorney accompanied by her signed and winessed statement alleging that service of the summonses in both actions was not made until September 13, 1963, at which date the three years' Statute of Limitations had expired. In contravention of this assertion respondents' attorney averred by affidavit that he had personally served on appellant the summons in Action No. 1 on September 4, 1963 and in Action No. 2 on September 10, 1963. Special Term held that the allegations by respondents' attorney as to the date of service had not been overcome by the affidavit of appellant's attorney and her unsworn statement. We agree. On a motion to dismiss a defense the evidence to be submitted is governed by CPLR 3212 (subd. [b]) (CPLR 3211, subd. [c]) which provides that "A motion * * * shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions." Once respondents' attorney had submitted his affidavit indicating that he had personally served appellant within the period of limitations it became incumbent on appellant to come forward with matter of an evidentiary nature demonstrating the presence of triable issues (*Hunt Foods & Inds.* v. *Doliner,* 49 Misc 2d 246; 6 Carmody-Wait 2d, New York Practice, §§ 39:28, 39:29). This Special Term properly found had not been achieved. The general allegations of the answer raising the defense alone are not sufficient to warrant denial of the motion (*Pribyl* v. *Van Loan & Co.,* 261 App. Div. 503, mot. for rearg. den. 262 App. Div. 711, affd. 287 N. Y. 749). Nor do the affidavit of appellant's attorney or her unsworn statement appended thereto supply the necessary countering evidence. The affidavit of appellant's attorney was made without any personal knowledge of the date of service and, therefore, is wholly without probative value as to that issue (*Di Sabato* v. *Soffes,* 9 A D 2d 297; *Hood* v. *Murray,* 25 A D 2d 163). Furthermore, since statements of parties having personal knowledge of the facts must be in affidavit form if they are to be considered, appellant's unsworn statement is not sufficient. (CPLR 3212, subd. [b]; *Cushman & Wakefield* v. *John David, Inc.,* 25 A D 2d 133; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3211.49, 3212.05.) We also concur with Special Term's determination that the judgment in the previous litigation is not a bar to the causes of action advanced in Action No. 2. Neither Patricia Brooks nor George Stewart Brooks was a party in that previous action. Conceding that Patricia Brooks' negligence was at issue in the previous action, although, of course, there are instances when recovery can be predicated upon an owner's negligence not attributable to his driver, nevertheless we know of no case in which *res judicata* has been used against one who was not himself a litigant in the previous action. To hold otherwise would preclude Patricia Brooks from ever herself litigating the question of her negligence as a party and thus effectively deny her her day in court (*Willsey* v. *Strawway,* 44 Misc 2d 601, affd. 22 A D 2d 973). Nor should she be bound by the prior verdict absolving appellant from liability. In *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686), which is factually analogous to the present case except for the fact that in *Glaser* both litigants in the second action were litigants in the first and both codefendants in the first action were found negligent by the jury whereas here respondent George Brooks, the owner of the car Patricia was driving, was found negligent and appellant was absolved from liability, the court in rejecting the applicability of the defense of *res judicata* stated (p. 119): " We think that since the parties now here were not adversaries in the former suits but codefendants wherein no duty existed to contest the issue of negligence as between

them and no pleadings existed between them, the decisions there settled nothing as to the liability of the codefendants to each other. Therefore, the plea of *res adjudicata* was not available to this defendant." The test is thus whether the litigants in the second action were in an adversarial relation in the prior suit and such is clearly not the case here where Patricia and George Stewart Brooks were not even litigants in that suit. Once it is determined that the parties were not adversaries in the first action, the result actually rendered in such action has no bearing whatsoever on the maintenance of a subsequent action. *Cummings* v. *Dresher* (18 N Y 2d 105) did not, in our opinion, overrule *Glaser* (see *MacGilfrey* v. *Hotaling*, 26 A D 2d 977), nor does *B. R. De Witt, Inc.*, v. *Hall* (19 N Y 2d 141) portend a different result. The minority memorandum seems to rely to some extent on the " concurring opinion " of Justice HALPERN in *Ordway* v. *White* (14 A D 2d 498). In essence, however, Justice HALPERN dissented from the theory of the majority decision and expressed concurrence solely upon the ground that the scanty record was insufficient to permit the court to determine the " question of identity of issues " (p. 502) ; but even so the distinction between issues which Justice HALPERN there emphasized, and which the minority memorandum cites as authority for reversal in this case, on the contrary supports affirmance here for, as Justice HALPERN wrote, " the issue of contributory negligence of the plaintiff in the present action is not necessarily identical with the issue of his negligence as a defendant in the passenger's action." Order affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.; Gibson, P. J., in a separate memorandum in which Reynolds, Aulisi and Staley, Jr., JJ., concur. Herlihy, J., concurs in part and dissents in part, and votes to modify and affirm in a memorandum.

Gibson P. J. (concurring). I concur in Mr. Justice REYNOLDS' well-reasoned memorandum and write only to remark upon an issue that is no less important because it is collateral. That issue relates to the integrity of our own decisions, and, in particular, that handed down but four months ago in *MacGilfrey* (*infra*), in which all the Justices sitting in the case now before us unanimously concurred, and in which we said " *Glaser* is directly in point, as Special Term found, and *Cummings* [18 N Y 2d 105] is not; and although certain language in *Cummings* may presage the end of the *Glaser* rule, which seemed still viable as late as the unanimous 1962 decision in *Minkoff* v. *Brenner* (10 N Y 2d 1030), the fact remains that it was not expressly overruled or, indeed, referred to in *Cummings*; and if implicitly it was, or is to be, overruled, the announcement thereof should come from the authoritative source and not in the form of interpretation or prediction by an intermediate appellate court (see *Grande* v. *Torello*, 12 A D 2d 937; *Friedman* v. *Salvati*, 11 A D 2d 104, 106.) " (*MacGilfrey* v. *Hotaling*, 26 A D 2d 977, 977–978.) This quotation makes clear the fact that there is no basis for the minority suggestion that in *MacGilfrey* we found *Glaser* viable only " as to cases *identical* with it " (emphasis supplied); and the minority memorandum thus rests upon the universally discredited white horses-black horses concept. Referring again to the above-quoted holding in *MacGilfrey*, it seems important to note that since that decision the Court of Appeals has again declined to overrule *Glaser*, stating (and this, indeed, in a case cited in the minority memorandum) that "*Glaser* and *Minkoff* are clearly distinguishable [and] * * * whether *Glaser* and *Minkoff* should be followed is not before us ". (*B. R. De Witt, Inc.*, v. *Hall*, 19 N Y 2d 141 [footnote].) The rule of *stare decisis* was never more essential to consistent and orderly procedure than in this situation of a legal principle which may or may not be in process of redefinition by our highest court and which should not, meanwhile, be subject unnecessarily to fluctuating refinements imposed from month to month by one intermediate appellate court or to disparate treatment by four intermediate

appellate courts. (See *Grande* v. *Torello*, 12 A D 2d 937; *Friedman* v. *Salvati*, 11 A D 2d 104, 106.) Until the Court of Appeals shall speak the Trial Judges and the trial bar alike are entitled at least to this measure of consistency under the existing rules. Consequently, and reiterating the principle upon which we announced accord in *MacGilfrey* (*supra*), I vote to affirm. Herlihy, J. (concurring in part and dissenting in part). I concur with the majority in their determination that Special Term properly granted the respondents' motion to strike the appellant's defense of the Statute of Limitations and properly denied the appellant's motion to dismiss the complaint. However, for the reasons set forth hereinafter, I would modify the order of Special Term and grant the appellant permission to amend her answer in Action No. 2 so as to set forth therein the prior judgment as a defense. The majority find that in order for *res judicata* or estoppel to be applicable, the parties here involved must have been in an adversarial relationship in the prior action, citing *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686 [1931]). In the case of *MacGilfrey* v. *Hotaling* (26 A D 2d 977) we found that *Glaser* was still viable as to cases identical with it. However, in *Glaser* and *MacGilfrey*, the prior actions asserted to be *res judicata* or estoppel had resulted in general verdicts of negligence as to both defendants, not the result in the present litigation, and consequently the instant case is materially different when considering the applicability of *Glaser* v. *Huette* (*supra*). In *Rudd* v. *Cornell* (171 N. Y. 114) the court in considering the effect of a prior decision stated at page 125: "In determining the effect of the decision in that action and how far it is *res adjudicata* [*sic*], it is necessary to ascertain what issues were material and necessarily involved and decided in that case, who were the parties between whom the issue decided arose, their relations to each other". The court also stated at page 126: "A judgment against several defendants cannot determine their rights as between themselves unless they are drawn in issue." In the case of *Ordway* v. *White* (14 A D 2d 498) the court determined that a former adjudication of the negligence of codefendants would not form a basis for summary judgment dismissing the complaint in a subsequent action by one codefendant against the other. Justice Halpern in his concurring opinion traces the effect of *Glaser* since its decision and concludes that the test is whether or not the issues in the present action are identical with those previously decided and to that extent there is estoppel. (Cf. *B. R. De Witt Inc.* v. *Hall*, 19 N Y 2d 141; *Light* v. *Quinn*, 17 Misc 2d 1083.) Subsequently *Cummings* v. *Dresher* (18 N Y 2d 105) was decided and the *Glaser* case was not cited, the majority quoting *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116) in deciding that the pertinent parts of the complaint should be dismissed. (Cf. *Good Health Dairy Corp.* v. *Emery*, 275 N. Y. 14.) In the prior passenger action against George Brooks and Phoebe Horning (23 A D 2d 711), the record on appeal at page 215 shows that the court charged the jury: "On the other hand, each driver denied each and every one of these charges or allegations of negligence made against her, and asserts that she [the drivers, Patricia Brooks and Phoebe Horning] was free from all fault or responsibility. In addition, and in effect, each operator says that if fault there was, then it was the other driver that was solely to blame. These, of course, as you understand, are the issues as to liability which you will consider." And this court, in affirming the judgments, stated: "The verdicts were clearly warranted by the evidence." It is also significant that the notice of appeal by the defendant Brooks was not only from the verdict in favor of the plaintiff but additionally from the verdict of no cause for action in favor of the codefendant Horning, the present defendant. Assuming that the judgment can be said to be an adjudication of the liability of the plaintiff and

nonliability of the defendant, the judgment would be a valid defense to the present actions. The question of whether or not the parties herein were adversarial relates not to the form of the action or the pleadings therein, but rather to the question of their positions in fact. (See *Ordway* v. *White, supra*; cf. *B. R. De Witt Inc.* v. *Hall, supra.*) In this regard there is no doubt that each defendant in the passenger action was primarily interested in showing the negligence of the other, either for the purpose of escaping liability altogether or for the purpose of securing contributions from a joint tort-feasor in accordance with CPLR 1401. Insofar as casting the liability upon each other is concerned, codefendants in a negligence action are unquestionably adversarial today. It seems to be reasonable and logical that when the jury finds one defendant guilty of negligence and the other not guilty of negligence, it decides not only whom the plaintiff was entitled to recover against but likewise and of necessity it decides the adversary issue of negligence as between the joint defendants. The dissent in the *Glaser* case (*supra*) states (232 App. Div. 119, 121): "Codefendants who are adversaries in an action in which a judgment is rendered are such parties to the judgment as are bound thereby where the question at issue in the case is litigated and determined between the codefendants in the former action. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Craig* v. *Ward*, 3 Keyes 387.)" Since the affirmance of *Glaser* v. *Huett* (*supra*) by the Court of Appeals, the same court, in *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116) — factually distinguishable — stated at page 119: "It will be seen, therefore, that the fact that a party has not had his day in court on an issue *as against a particular litigant* is not decisive in determining whether the defense of *res judicata* is applicable." And further, on page 120, after noting that cited cases were affirmed without opinion, stated: "This court recognized that in determining the applicability of the doctrine of *res judicata* as a defense, the test to be applied is that of 'identity of issues.'" While not involved with the legal issue, to say that there should be a continuance of the adversary doctrine in *Glaser* is somewhat analogous to stating that the Vehicle and Traffic Law in effect in 1931 could and should govern as of 1967. Such is not the fact. In the present case the prior judgment of no cause for action in favor of the appellant is strongly indicative that the appellant in no way caused the accident and is "safely enclosed in the cocoon of the judgment". (See *Cummings* v. *Dresher*, 18 N Y 2d 105, *supra*, dissenting opinion at p. 113.) The appellant should be allowed to plead the prior judgment as a defense, the merits of which can be more closely examined by the court at a subsequent appropriate stage of this proceeding, albeit pragmatically, it would seem finality should be resolved on this appeal, which is the alternative relief sought on the motion. Where the actual issues decided by the jury can be ascertained, there is no real reason for allowing the parties to commence new litigation involving the same facts and circumstances. Such a procedure unnecessarily contributes to the congestion of court calendars and in no way furthers the securing of justice to the parties involved. In line with the decision in *Cummings*, it appears that trial courts can and should facilitate the concept of judgment finality by requiring special findings as to the liability of all parties to an action to each other. In the absence of appropriate legislation or other authoritative mandate that all parties be required to plead all claims, counterclaims and cross claims in one action, the trial court can encourage the parties to plead all claims and, of course, advise them that special findings as to liability will be made. If the doctrine of "adversaries" in *Glaser* is still the law and if "identity of issues", as outlined here, is still the law, or if a more modern and practical rule is appropriate, it should be

forthcoming, because, in any event, presently the morass of cases leaves an unsettled area, the source of continuing litigation. The recent case of *B. R. De Witt, Inc.* v. *Hall* (*supra*) refers to the *Glaser* case and *Minkoff* v. *Brenner* (13 A D 2d 838, affd. 10 N Y 2d 1030), but in a footnote emphasizes that the question of codefendants was not before it. It should be noted that the motion as to *res judicata* is not addressed to the action which involves the absentee owner George Brooks (Action No. 1). The order should be modified by granting the appellant permission to amend her answer in Action No. 2 so as to interpose the affirmative defense of the prior judgment, and as so modified, the order should be affirmed.