■ FRANK GRIFFIN et al., Respondents, v HERBERT L. GOULD et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered February 18, 1986, as granted that branch of the plaintiffs' motion which was to strike the first and second affirmative defenses asserted in their answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced the instant medical malpractice action against the defendants Dr. Herbert L. Gould and Herbert L. Gould, M.D., P.C., alleging that Gould, an ophthalmologist, was negligent in the treatment of Frank Griffin's right eye, causing him serious personal injuries including loss of

vision. The plaintiffs moved (1) to strike the defendants' first and second affirmative defenses alleging that the action was barred by the applicable Statute of Limitations and that the court lacked personal jurisdiction over the defendants because of improper service of process, and (2) to compel the defendants to respond to an April 4, 1984 demand for a bill of particulars and other outstanding discovery demands. In opposition to the motion, the defendants' attorney submitted an affirmation—to which a bill of particulars was annexed—in which he addressed the plaintiffs' demand for discovery and the service of a bill of particulars. Counsel did not, however, address that branch of the plaintiffs' motion which was to dismiss the affirmative defenses. The court, in deciding the motion, struck the first and second affirmative defenses, noting that the defendants had failed to make any showing of facts or circumstances constituting a legal basis for these affirmative defenses. We affirm.

Contrary to the defendants' contentions, the court did not strike their affirmative defenses as a sanction for the failure to timely comply with discovery requests. Rather, the court found—and the record confirms—that the defendants failed to set forth in their opposition papers any facts supporting the defenses. Moreover, the conclusory allegations set forth in defendants' bill of particulars are insufficient to warrant denial of the plaintiffs' motion (cf., Brooks v Horning, 27 AD2d 874, 875, lv dismissed 20 NY2d 642). Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.