**234 W. 39th St., Inc. v Ayazmoon Fabric, Inc.**

2025 NY Slip Op 31505(U)

April 28, 2025

Supreme Court, New York County

Docket Number: Index No. 153488/2022

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                              PART                      47

*Justice*

-----------------------------------------------------------------------X

234 WEST 39TH STREET, INC.,

                                    Plaintiff,

                        - v -

AYAZMOON FABRIC, INC.,UDDIN TAHER

                                    Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153488/2022 |
| MOTION DATE | 12/19/2023 |
| MOTION SEQ. NO. | 002 |

**ORDER - AMENDED (MOTION RELATED)**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 56, 57

were read on this motion to/for                        JUDGMENT - SUMMARY                         .


ORDERED that the decision and order dated April 22, 2024 (NYSCEF Doc No 57) is amended as follows:

In this commercial landlord-tenant action, plaintiff-landlord moves for summary judgment on its claims for breach of the lease, breach of the guaranty agreement, and for attorneys' fees, and moves to dismiss defendants' affirmative defenses. Defendant Ayazmoon Fabric Inc. is the tenant (the tenant, or Ayazmoon) and defendant Uddin Taher is the guarantor (the guarantor, or Taher).

## BACKGROUND

Plaintiff is the owner of the building located at 234 West 39th Street, New York, NY 10018. By lease dated November 1, 2018, plaintiff leased store 101 and the basement of the building (the premises) to the tenant, with a lease term of December 1, 2018 through January 31, 2024 (NYSCEF Doc No 5). The lease was secured by a guaranty, executed by the guarantor on November 14, 2018 (*id.*).

**153488/2022   234 WEST 39TH STREET, INC. vs. AYAZMOON FABRIC, INC. ET AL**
**Motion No.  002**

**Page 1 of 7**

1 of 7

Plaintiff alleges that, in or around June of 2019, the tenant began defaulting on its monthly rent payments and additional rent, making only sporadic payments until February 2020, when it stopped paying altogether (NYSCEF Doc Nos 1, 47). In November 2021, when the tenant's arrears reached $326,370.59, plaintiff drew from the tenant's security deposit and served the tenant with a notice to replenish the deposit. Because the tenant failed to replenish its security deposit plaintiff served it with a notice to cure. The tenant failed to pay once again, and the guarantor did not cure the default (NYSCEF Doc No 1). Defendants assert the following affirmative defenses: (1) conditions exist in the building which entitle the tenant to a rent abatement; (2) no lease controls the duties and obligations of defendants because the space that the tenant currently occupies is smaller than that agreed to in the lease; (3) the rent demanded is inaccurate for the same reason; (4) plaintiff agreed to waive rent during the pandemic; and (5) plaintiff's claims are barred by doctrines of waiver, estoppel, unclean hands, and ratification (NYSCEF Doc No 5).

Plaintiff now moves for summary judgment as against Ayazmoon for breach of the lease and for attorneys' fees, and as against Taher for breach of the guaranty agreement and for attorneys' fees (NYSCEF Doc No 47). It also moves to dismiss defendants' affirmative defenses on the grounds that they are conclusory, devoid of factual support, mere conclusions of law, and contradicted by the guarantor's own admissions (*id.*). Defendants oppose the motion on the grounds that genuine material issues of fact remain (NYSCEF Doc No 48). Specifically, they allege that the tenant never actually took possession of store 101 and the basement because the space was occupied at the start of the lease term. Instead, plaintiff moved into store 102, which is in the same building but markedly smaller than store 101,[1] with the understanding that plaintiff

---

[1] In the guarantor's deposition, which was not submitted on this motion, Taher does not discuss store 101 and 102 as such. Rather, he asserts that he never moved into the storefront at 234 W 39th Street at all, and instead moved in at

would pay to relocate the business to the premises once it was available, but that never occurred. Thus, while defendants concede that rent is due for store 102, a trial is needed to determine the amount owed. Defendants do not address that part of plaintiff's motion seeking to dismiss their affirmative defenses. In reply, plaintiff argues that its motion to dismiss should be granted as unopposed (NYSCEF Doc No 56). Plaintiff also asserts that its motion for summary judgment should be granted because defendants' factual assertions that they occupied store 102 as opposed to store 101 are false and unsupported, and therefore do not raise an issue of fact.

## DISCUSSION

Summary Judgment

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba*

---

240 W 39th Street. While there, he states that he operated a store called "Fabrics A&N," reserving the name "Ayazmoon" for when he settled in at the correct address (NYSCEF Doc No 43, 31:25-32:12). It is unclear from the record whether store 102 and 240 W 39th Street are one in the same, as the two addresses—240 and 234 W 39th Street—appear to be assigned to one building.

**153488/2022   234 WEST 39TH STREET, INC. vs. AYAZMOON FABRIC, INC. ET AL**                    **Page 3 of 7**
 **Motion No.  002**

3 of 7

*Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

### i. Causes of Action Against the Tenant

Plaintiff has established its entitlement to judgment as a matter of law on its breach of lease claim as against the tenant. The lease obligates the tenant to pay monthly rent payments and additional rent (NYSCEF Doc No 45), yet the tenant failed to do so for many months (NYSCEF Doc No 46). Defendants do not deny this. Instead, they allege that the tenant was never in possession of the leased premises, occupying store 102 instead.[2] However, even if true, this does not raise a material issue of fact because the lease gives plaintiff the right to substitute store 102 for store 101 and, "[n]otwithstanding such substitution of space, [] all the terms, provisions, covenants and conditions contained in this Lease shall remain and continue in full force and effect" (NYSCEF Doc No 45, § 63). Nevertheless, while the tenant's liability for breach of the lease has been established, plaintiff has failed to establish the sum certain it seeks because the ledger submitted does not trace back to a zero-sum balance (NYSCEF Doc No 46). Accordingly, the part of plaintiff's motion seeking summary judgment as to the tenant's breach of the lease will be granted, and a trial will be held to determine the amount owed.

Under the terms of the lease, the tenant is now also liable to plaintiff for attorneys' fees it incurred in bringing this action. The lease provides that "if Owner, in connection [] with any default by Tenant . . ., makes any expenditures or incurs any obligations for the payment of money, including but not limited to reasonable attorney's fees . . . such sums so paid [] shall be deemed to be additional rent hereunder" (NYSCEF Doc No 45, § 17). Accordingly, the part of

---

[2] Notably, the only document submitted in support of this claim is an affidavit executed by the guarantor (NYSCEF Doc No 49). Defendants do not provide, for instance, written communications regarding the substitution, photos or other evidence indicating that the tenant occupied store 102, or details as to which business was purportedly occupying store 101 as of the start of the lease term.

**153488/2022 234 WEST 39TH STREET, INC. vs. AYAZMOON FABRIC, INC. ET AL** **Page 4 of 7**
**Motion No. 002**

[* 4]

4 of 7

plaintiff's motion seeking an award of attorneys' fees as against the tenant will be granted, and the amount owed will also be determined at trial.

ii.  *Causes of Action Against the Guarantor*

The viability of plaintiff's causes of action against the guarantor depends on the enforceability of NYC Admin Code § 22-1005 (the guaranty law), which renders guarantees for commercial leases for non-essential retail establishments impacted by the pandemic unenforceable where the default wholly or partially occurred between March 7, 2020 and June 30, 2021. The constitutionality of the guaranty law is currently being litigated in *513 W. 26th Realty LLC v George Billis Galleries, Inc.*, Index No 160266/2020. Accordingly, the part of plaintiff's motion seeking summary judgment on its claims of breach of the guaranty and for attorneys' fees will be denied as against the guarantor, with leave to renew upon ***this court's*** final determination in *513 W. 26th Realty LLC*.

Motion to Dismiss

Plaintiff is entitled to have all of defendants' affirmative defenses dismissed since plaintiff is correct that each one is conclusory, unsupported by facts, or otherwise meritless (NYSCEF Doc No 47). In opposition, defendants failed to demonstrate why the affirmative defenses should not be dismissed, or to even address them (NYSCEF Doc No 48) (*Starkman v City of Long Beach*, 106 AD3d 1076, 1078 [2nd Dept 2013] [the "affirmative defenses must be dismissed on the ground that the defendants did not oppose the dismissal of those affirmative defenses"]; *Tesser v Allboro Equip. Co.*, 302 AD2d 589, 591 [2nd Dept 2003] ["The Supreme Court erred in declining to dismiss the affirmative defense [because it] overlooked the absence of any opposition to that branch of the plaintiff's [] motion which was to dismiss the defense"]). In any event, the five affirmative defenses should be dismissed for only "plead[ing] conclusions of

**153488/2022   234 WEST 39TH STREET, INC. vs. AYAZMOON FABRIC, INC. ET AL**
**Motion No.  002**

**Page 5 of 7**

5 of 7

law without supporting facts" (*170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372, 372 [1st Dept 2008]; *Bd. of Managers of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569, 569, 94 N.Y.S.3d 59 [1st Dept 2019] ["affirmative defenses were correctly dismissed on the ground that they were pleaded conclusorily"]; *Griffin v Gould*, 131 AD2d 432 [2nd Dept 1987] [affirming dismissal where "defendants failed to set forth in their opposition papers any facts supporting the defenses"]). Accordingly, the part of plaintiff's motion seeking to dismiss defendants' affirmative defenses will be granted.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the part of plaintiff's motion seeking summary judgment on its claims for breach of the lease and attorneys' fees is granted as against defendant tenant Ayazmoon; and it is further

ORDERED that a trial on damages will be held after the filing of the note of issue in this action; and it is further

ORDERED that the part of plaintiff's motion seeking summary judgment on its claims for breach of the guaranty and attorneys' fees is **denied** as against the guarantor, with leave to renew pending *this court's* final determination of *513 W. 26th Realty LLC v George Billis Galleries, Inc.*, Index No 160266/2020; and it is further

**153488/2022   234 WEST 39TH STREET, INC. vs. AYAZMOON FABRIC, INC. ET AL**      **Page 6 of 7**
**Motion No.  002**

6 of 7

ORDERED that the part of plaintiff's motion seeking dismissal of all five of defendants'

affirmative defenses is granted.

20250428165322PG0ETZDZ43634A28A948F8B6B775322282041D

__4/28/2025__
DATE

__PAUL A. GOETZ, J.S.C.__

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**153488/2022   234 WEST 39TH STREET, INC. vs. AYAZMOON FABRIC, INC. ET AL**
**Motion No.  002**

Page 7 of 7

7 of 7

[* 7]