■ Michael Meyer et al., Appellants, v Alex Lyon & Son Sales Managers & Auctioneers, Inc., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [889 NYS2d 166]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 5, 2008, which, to the extent appealed from, granted defendants-respondents' motions for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for summary judgment against the JLG defendants and Alex Lyon & Son as academic, unanimously affirmed, without costs.

Plaintiff Michael Meyer was injured when a telescopic boom on a man lift manufactured by JLG Industries collapsed while he was operating it and he fell 25 feet. Plaintiff purchased the man lift on behalf of his company, CR Systems, Inc., at an auction held by Alex Lyon & Son. He had attended auctions held by Alex Lyon & Son before and knew that auctioned items were purchased on an "as is" and "where is" basis. Plaintiff had the man lift transported to NES Equipment Services Corp. for inspection and repair, aware that it could not be used on a job site until it was certified to be safe. However, he wanted to use the man lift before NES completed its inspection and repair, so he drafted and provided NES with an agreement in which he

agreed to hold NES harmless for "any and all claims arising out of the use of" the man lift. The agreement was to remain in effect until NES installed a certain "operating basket" and completed the "required safety inspection." Plaintiff then had the man lift transported to a work site, where he used it for two days; he would not allow CR Systems employees to use the man lift before it had been certified as safe. The accident occurred the next day while plaintiff was using the man lift at his home.

The strict products liability cause of action against the JLG defendants and Alex Lyon & Son based on the failure to warn could not be sustained because, even assuming that these defendants had a duty to warn, the evidence shows that plaintiff, in the exercise of reasonable care, could have discovered the defect and perceived its danger and could have averted his injury by not using the man lift until it was certified as safe (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 106-107 [1983]).

The breach of implied warranty cause of action against the JLG defendants and Alex Lyon & Son was correctly dismissed because the sale was made on an "as is" basis and this disclaimer was conspicuously stated on the auction registration form signed by plaintiff (*see Sky Acres Aviation Servs. v Styles Aviation*, 210 AD2d 393 [1994]). The breach of express warranty cause of action was correctly dismissed because plaintiff's actions belie any reliance on a "Safe Ready to Rent" tag found on the man lift (*see Scaringe v Holstein*, 103 AD2d 880, 881 [1984]; *Friedman v Medtronic, Inc.*, 42 AD2d 185, 190 [1973]).

As to the negligence cause of action, the proximate cause of plaintiff's accident was his own disregard of NES's representation that the man lift was not safe and had not been certified (*see Kenney v City of New York*, 30 AD3d 261 [2006]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.