Kosta v WDF, Inc. (2022 NY Slip Op 02538)

Kosta v WDF, Inc.

2022 NY Slip Op 02538

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.

2018-12948
 (Index No. 31167/09)

[*1]John Kosta, etc., appellant, et al., plaintiffs,
v
WDF, Inc., et al., defendants, Serpentix Conveyor Corporation, respondent (and third-party actions).

Kramer, Dillof, Livingston & Moore, New York, NY (Matthew Gaier and Pani Vo of counsel), for appellant.
Braff, Harris, Sukoneck & Maloof, New York, NY (Annie Cha of counsel), for respondent.
Lewis Brisbois Bisgaard & Smith LLP (Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY [Christopher Simone and Jeremy S. Rosof], of counsel), for defendant WDF, Inc.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Kevin J. Murtagh of counsel), for defendants Shaw Environmental & Infrastructure Engineering of New York, P.C., and Stone & Webster a Shaw Group Company.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York, NY (Kevin M. Ryan of counsel), for defendant J. Blanco Associates, Inc.
Kowalski & DeVito (McGaw Alvenstosa & Zajac, Jericho, NY [Andrew Zajac], of counsel), for defendant Bidwell Environmental, LLC.
Milber Makris Plousadis & Seiden, Woodbury, NY (Thomas M. Fleming II of counsel), for defendant Chu & Gassman Consulting Engineers, P.C.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa M. Rolle and Vito John Marzano of counsel), for defendant Pro Safety Services, LLC.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Kevin Osowski of counsel), for third-party defendants City of New York and New York City Department of Environmental Protection.

DECISION & ORDER
In consolidated actions, inter alia, to recover damages for personal injuries, etc., the plaintiff John Kosta appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 10, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Serpentix Conveyor Corporation which was for summary judgment dismissing the cause of action alleging strict products liability insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Serpentix Conveyor Corporation (hereinafter Serpentix) manufactured three conveyor machines which were to be placed in a New York City Department of Environmental Protection (hereinafter the DEP) facility. That facility was undergoing a renovation project which was being performed by the defendant WDF, Inc. (hereinafter WDF), as the general contractor, and various subcontractors. The conveyors were delivered and then altered by WDF by adding caster wheels to them to allow them to be moved. Gennaro Montello (hereinafter the decedent), who was employed by the DEP, allegedly was injured while one of the conveyors was being moved, and subsequently died as a result of his injuries. The decedent's estate and his wife, Donna Montello, who has since died, commenced the instant action against WDF, Serpentix, and others to recover damages. The amended complaint asserted, inter alia, a cause of action against Serpentix for strict products liability. Serpentix moved, among other things, for summary judgment dismissing the cause of action alleging strict products liability insofar as asserted against it. In an order dated September 10, 2018, the Supreme Court, inter alia, granted that branch of Serpentix's motion. This appeal ensued. We affirm the order insofar as appealed from. 
A manufacturer who places a defective product into the stream of commerce may be liable for the injuries caused thereby (see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 532; Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 478). To that end, the defect in question may consist of a manufacturing defect, a design defect, or an inadequacy in, or the absence of, warnings for the use of the product (see Liriano v Hobart Corp., 92 NY2d 232; Amatulli v Delhi Constr. Corp., 77 NY2d at 532; Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d at 478). However, a manufacturer who has designed and produced a safe product will not be liable for substantial modifications or alterations made by a third party which render the product defective or otherwise unsafe (see Amatulli v Delhi Constr. Corp., 77 NY2d at 532-533; Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d at 479).
In support of its motion for summary judgment, Serpentix submitted evidence showing that at the time the conveyors were delivered, they were required to be affixed to the ground. They were then substantially altered to include casters to allow the conveyors to be moved. Serpentix established, prima facie, that the machine in question was substantially modified and that those modifications caused the conveyors to become defective and unsafe, thus shifting the burden to the plaintiffs to tender sufficient proof in admissible form to require a trial. The plaintiffs failed to do so. Therefore, the Supreme Court correctly granted that branch of Serpentix's motion which was for summary judgment dismissing so much of the strict products liability cause of action as was based upon a design defect insofar as asserted against it.
Serpentix also established its prima facie entitlement to judgment as a matter of law dismissing so much of the strict products liability cause of action as was based upon a failure to warn insofar as asserted against it. To recover on a strict products liability cause of action based on inadequate warnings, a plaintiff must prove causation, i.e., that if adequate warnings had been provided, the product would not have been misused (see Reece v J.D. Posillico, Inc., 164 AD3d 1285, 1288; Banks v Makita, U.S.A., 226 AD2d 659, 660). In other words, "'[f]or there to be recovery for damages stemming from a product defective because of the inadequacy or absence of warnings, the failure to warn must have been a substantial cause of the events which produced the injury'" (Reece v J.D. Posillico, Inc., 164 AD3d at 1288, quoting Billsborrow v Dow Chem., 177 AD2d 7, 16).
Here, Serpentix demonstrated that after it learned of the alterations that were made to the conveyors, it informed WDF and the DEP of the need for the conveyors to be braced and sent them a plan for such bracing. It also indicated that the warranty on the conveyors would be voided without the bracing. WDF and the DEP declined to add bracing. Accordingly, Serpentix established, prima facie, that any alleged failure to warn was not a substantial cause of the events which produced the decedent's injuries (see Reece v J.D. Posillico, Inc., 164 AD3d at 1288-1289; Fisher v Flanigan, 89 AD3d 1398).
In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the alleged failure to warn was a proximate cause of the accident. Accordingly, the Supreme Court correctly granted that branch of Serpentix's motion which was for summary judgment dismissing so much of the strict products liability cause of action as was based upon a failure to warn insofar as asserted against it.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court