Fiuzzi v Paragon Sporting Goods Co. LLC (2023 NY Slip Op 00054)

Fiuzzi v Paragon Sporting Goods Co. LLC

2023 NY Slip Op 00054

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Index No. 154392/18 Appeal No. 16868 Case No. 2020-04474 

[*1]Manfredi Fiuzzi, Plaintiff-Respondent-Appellant,
v
Paragon Sporting Goods Co. LLC, et al., Defendants-Appellants-Respondents, John or Jane Does I-X, et al., Defendants.

Cartafalsa Turpin & Lenoff, New York (Lesley Siskind of counsel), for Paragon Sporting Goods Co., LLC, appellant-respondent.
Goldberg Segalla LLP, White Plains (William T. O'Connell of counsel), for Gaiam Americas, Inc., appellant-respondent.
McCarney Law P.C., New York (James G. McCarney of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about October 28, 2020, which, to the extent appealed from as limited by the briefs, denied the motions of defendants Paragon Sporting Goods Co. LLC and Gaiam Americas, Inc. insofar as they sought to dismiss the cause of action for breach of implied warranties and granted the motions insofar as they sought to dismiss the cause of action for breach of express warranties, granted plaintiff's cross motion for leave to amend the amended verified complaint, and denied plaintiff's motion to supplement the record and to strike Paragon's and Gaiam's affirmative defenses based on the statute of limitations, unanimously modified, on the law, to grant defendants' motions to dismiss the cause of action for breach of implied warranties, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the second amended complaint (SAC) against Paragon and Gaiam.
Plaintiff Manfredi Fiuzzi allegedly sustained his injury while shopping at Paragon's Union Square store. The SAC alleged that a Paragon employee directed plaintiff to the area where the Gaiam fitness bands were displayed, and encouraged him to test and purchase the product. The elastic exercise band that allegedly injured plaintiff, marketed under the name "SPRI Ultra Toner," was manufactured and distributed by SPRI Products, which had previously merged with defendant Gaiam. Plaintiff alleged that when he got to the display, he saw a variety of Gaiam fitness bands that were removed from their packages and hanging on a hook to be readily available for testing by customers. The SAC alleged that because of repeated use by prospective buyers, many of the bands on the hook were soiled and their structural integrity was compromised, although that was not readily apparent to plaintiff. Closed packages containing the bands were also on display, including the package for the SPRI Ultra Toner. On the face of that package was a photograph of a model demonstrating the intended use of the product, but the photo ended at her shins.
The SAC alleged that because customers were invited to test the bands that had been removed from the packages rather than opening the boxes, they did not see the written warnings in the boxes. Those warnings provided that the product should be checked for wear and tear before each use, should not be used if there were nicks and tears, and should not be exposed to rough or abrasive surfaces. The warnings also stated that appropriate (though unspecified) footwear should be worn during use, and that the exercises should be performed in a slow and controlled manner. Further, according to the warnings, the user should ensure that the band was secure in hand, and under and around the foot, before the beginning of each exercise; should avoid looking directly at the product during exercise; and should keep the head directly over the shoulders, chin parallel to the floor, chest lifted, and eyes [*2]focused forward during exercise.
Plaintiff alleged that "[p]ursuant to the demonstrative photograph" on the SPRI Ultra Toner package, he tested the product by taking it off the hook, securing the hard plastic handle ends of the band between his feet and hands, and stretching the elastic device upward with his arms. As he was testing the product, the end of the band slipped out from under his foot and was projected into his right eye.
The court providently exercised its discretion in permitting plaintiff to amend his amended complaint, as leave to amend pleadings should be freely given (CPLR 3025[b]) and defendants showed no prejudice from the amendment.
As to Paragon's and Gaiam's motions to dismiss, Supreme Court properly dismissed the breach of express warranties claim against both defendants because the SAC did not cite any affirmations of fact or promises made by either defendant to plaintiff and did not allege that he relied on any such statements (see Meyer v Alex Lyon & Son Sales Mgrs. & Auctioneers, Inc., 67 AD3d 547, 548 [1st Dept 2009]).
With respect to the cause of action for breach of implied warranty, Supreme Court properly denied plaintiff's motion to supplement the record with an expert report because the report was unsworn and therefore inadmissible (see Stowell v Huntley, 154 AD2d 810, 811 [3d Dept 1989], citing Brooks v Horning, 27 AD2d 874, 875 [3d Dept 1967], lv dismissed 20 NY2d 642 [1967]). However, Supreme Court should have dismissed the claim against both defendants. To begin, plaintiff did not assert a claim in the SAC for breach of implied warranty of fitness for a particular purpose (see UCC 2-315). In any event, such a claim requires allegations that defendants had "reason to know any particular purpose for which the goods" are used and that plaintiff relied on defendants' "skill or judgment to select or furnish [those] suitable goods" (id.). The SAC, however, did not allege any particular purpose of the exercise band other than its ordinary purpose for exercise, and there were no allegations that defendants knew or should have known about any particular purpose for which the goods were purchased, nor were there any allegations that plaintiff relied upon defendants' skill or judgment in selecting those goods (see Butler v Interlake Corp., 244 AD2d 913, 915 [4th Dept 1997]).
Similarly, plaintiff failed to state a claim for breach of the implied warranty of merchantability, which provides under that warranty that goods "are fit for the ordinary purposes for which such goods are used" (UCC 2-314[2][c]). To plead a breach of the implied warranty of merchantability, a plaintiff must allege that goods are defective such that they were not reasonably fit for the ordinary purpose for which they were used, that the defect in the goods was a substantial factor in causing the injury, and that the alleged defect existed at the time the goods left the manufacturer or entity in the line of distribution (see Denny v Ford Motor [*3]Co., 87 NY2d 248, 258-259 [1995]); Wojcik v Empire Forklift, Inc., 14 AD3d 63, 66 [3d Dept 2004]; Tardella v RJR Nabisco, 178 AD2d 737, 737 [3d Dept 1991]).
Even according the SAC every favorable inference as required on a motion to dismiss, plaintiff's allegations concerning the circumstances leading up to his injury do not state a claim for breach of the implied warranty of merchantability. Although the SAC generally alleged that "defendants caused one of Gaiam's dangerous and defective elastic exercise bands . . . to be manufactured, distributed and displayed for sale at . . . Paragon," this conclusory allegation is unsupported by any factual allegation explaining how the product was not reasonably fit for its intended purpose (cf Flores v Youm, 69 Misc 3d 1216[A], 2020 NY Slip Op 51402[U], *4 [Sup Ct, Bronx County 2020]). Instead, the SAC only alleged that the exercise bands became compromised "[a]s a result of repeated use by the public," rather than alleging any inherent defect rendering the bands not reasonably fit for their purpose.
Based on our determination, we need not reach the merits of defendants' affirmative defense based on the statute of limitations.
We have considered the parties' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023