| |
|---|
| **Serrano v New York City Tr. Auth.** |
| 2024 NY Slip Op 33225(U) |
| September 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152074/2020 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. RICHARD TSAI

*Justice*

PART     21

--------------------------------------------------------------------------X

CARMELO SERRANO,

Plaintiff,

- v -

NEW YORK CITY TRANSIT AUTHORITY, AZAD
BACCHUS, LASSINE SOUMAHORO, and IBRAHIMA
DOUKOURE,

Defendants.

--------------------------------------------------------------------------X

INDEX NO.     152074/2020

MOTION DATE     10/20/2023

MOTION SEQ. NO.     004

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 47, 87-100, 115, 116-126, 132, 133-139

were read on this motion for     PARTIAL SUMMARY JUDGMENT(AFTER JOINDER)    .

were read on this cross motion for     SUMMARY JUDGMENT(AFTER JOINDER)

In this action arising out of a motor vehicle collision, plaintiff alleges that, on November 1, 2019, he was a passenger on an M2 bus allegedly operated by defendant Azad Bacchus and allegedly owned by defendant New York City Transit Authority, which made contact with a vehicle allegedly operated by defendant Lassine Soumahoro and allegedly owned by defendant Ibrahima Doukoure (Plaintiff's Exhibit B, complaint ¶¶ 7, 9, 21, 22 [NYSCEF Doc. No. 90]).

Plaintiff now moves for partial summary judgment in his favor against defendants New York City Transit (NYCTA)  and Azad Bacchus (the Transit Defendants). Defendants Lassine Soumahoro and Ibrahima Doukoure cross-move for summary judgment dismissing the complaint and all cross claims against them.  The Transit Defendants oppose plaintiff's motion and co-defendants' cross motion.

## BACKGROUND

At his deposition, plaintiff testified that, on November 1, 2019, he was a passenger of a NYCTA bus, which was involved in an accident between 154th and 155th Streets and Adam Clayton Boulevard (Plaintiff's Exhibit G, Serrano EBT at 15, lines 18-23; at 16, lines 1-4 [NYSCEF Doc. No. 95]).

At his deposition, Bacchus testified that he is a bus operator employed by the NYCTA (Plaintiff's Exhibit E in support of motion, Bacchus EBT, at 12, lines 5-17

**152074/2020   SERRANO, CARMELO vs. NEW YORK CITY TRANSIT**
**Motion No.  004**

**Page 1 of 5**

[NYSCEF Doc. No. 123]). He stated that, on November 1, 2019, he was the bus driver at the time of the accident, which occurred on Adam Clayton Powell Boulevard, between 154th & 155th Streets (*id.* at 27, lines 7-15).

Bacchus testified as follows: three blocks before the accident occurred, Bacchus had dropped off passengers on 151st Street (*id.* at 66, lines 5-10). After he left the stop, he drove on Adam Clayton Powell Boulevard to get into the left lane (*id.* at 67, lines 21-22). Bacchus stated that he was in the right traveling lane all the way to 153rd Street, and that he switched to the middle lane at 153rd Street (*id.* at 69, lines 12-16). Between West 154th and West 155th Streets, he moved into the left turning lane (*id.* at 71, lines 15-16). Bacchus stated that the front three quarters of his bus was in the left turning lane, while a quarter of the bus was in the first moving lane (*id.* at 74, lines 3-7). According to Bacchus, "The bus is 40 feet so it take [sic] two lanes to get it straight" (*id.* at 71, lines 7-8). Bacchus stated that the front of the bus was less than a foot away from the center divider (*id.* at 110, lines 23 through 111, lines 7).

Bacchus stated that he felt his bus shake, and when he looked in the mirror, he saw a taxi on the side of the bus (*id.* at 93, lines 6-13). According to Bacchus, there was a collision with a lime green taxi (*id.*at 88, line 17; at 89, lines 19-21). He stated that he observed the front door of the taxi by the back wheel of the bus (*id.* at 96, line 25 through 97, lines 2-13). Bacchus testified that he did not see the taxicab before the collision (*id.* at 91, lines 20-22).

Defendant Soumahoro did not appear for a deposition. By a decision and order dated December 15, 2022, "Lassine Soumahoro [was] precluded from testifying at trial and submitting an affidavit in support or in opposition to any substantive motion practice" (*see* NYSCEF Doc. No. 47; *see also* Plaintiff's Exhibit I in support of motion [NYSCEF Doc. No. 97]).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action" (*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]).

On a motion for summary judgment, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

I.      Plaintiff's Motion for Partial Summary Judgment

Plaintiff argues that he is entitled partial summary judgment in his favor against the Transit Defendants on the ground that Bacchus made an unsafe lane change in violation of Vehicle and Traffic Law § 1128 (a) & (d). In support of his motion, plaintiff

**152074/2020   SERRANO, CARMELO vs. NEW YORK CITY TRANSIT**                    **Page 2 of 5**
**Motion No.  004**

2 of 5

[* 2]

submitted deposition testimony, photographs taken at the scene of the collision, and an unsworn report of George H. Meinschein, P.E., among other exhibits (*see* Plaintiff's Exhibits A-K [NYSCEF Doc. Nos. 89-99]).

In opposition, the Transit Defendants object to Meinschein's report as unsworn (affirmation of Transit Defendants' counsel ¶ 6). The Transit Defendants contend that Bacchus did not violate Vehicle and Traffic Law § 1128 (a) because he moved into the left turn lane was empty (*id.* ¶ 9). The Transit Defendants assert that the collision occurred because the taxicab attempted to try to get pass the bus before it had completely moved into the left turning lane, citing the report of its own expert, Anthony Cornetto (*id.* ¶ 11-12; Transit Defendants' Exhibits B and C [NYSCEF Doc. Nos. 135 and 136]

In reply, plaintiff submits an affirmed report from Meinschein (*see* Plaintiff's Exhibit A to reply affirmation of plaintiff's counsel [NYSCEF Doc. No. 139]).

Vehicle and Traffic Law § 1128 (a) directs drivers to drive their vehicle "as nearly as practicable within a single lane and shall be moved from such lane until the driver has ascertained that such movement can be made with safety."

Although Bacchus testified that the bus was not entirely in the left lane when the collision occurred, photographs taken after the collision from behind the vehicles would appear to indicate that the width of the bus was too wide to be entirely within the left lane. Thus, drawing the inferences in the light most favor to the non-movants, an issue of fact arises as to whether the bus was driving "as nearly as practicable" within a single lane.

Plaintiff also did not establish that Bacchus made an unsafe lane change, because the bus which Bacchus operated did not strike any vehicle in the left turning lane as Bacchus was moving into the left turning lane.

Additionally, as NYCTA and Bacchus point out, the taxi was behind the bus when Bacchus changed lanes. Bacchus testified that the front of the taxicab made contact with the rear of the bus, which was corroborated by photographs taken at the scene of the collision, which show a green taxicab apparently wedged between the M2 bus to the left, near the rear bus doors, and another bus to the right (*see* Plaintiff's Exhibit K [NYSCEF Doc. No. 99]). Viewing the facts in the light most favorable to the non-movants, the evidence could support that the collision occurred when the taxi operated by Soumahoro continued to travel forward in the middle lane even when there was inadequate space to proceed.

Neither did plaintiff establish that Bacchus violated Vehicle and Traffic Law § 1128 (d), which states, "When official markings are in place vehicles may not cross over into an adjoining lane when it would be hazardous to do so." Here, plaintiff's expert concluded that Bacchus crossed over a solid white into the left turning lane, which the Vehicle Driver's Manual of the New York State Department of Motor Vehicles

**152074/2020   SERRANO, CARMELO vs. NEW YORK CITY TRANSIT**          Page 3 of 5
**Motion No.  004**

3 of 5

purportedly explains is not allowed (*see* Plaintiff's Exhibit J at 5 ["Mr. Bacchus failed to move the bus into the dedicated left turn lane within the space provided by the pavement markings"]).[1] Thus, plaintiff's expert concludes that Bacchus failed to operate the bus in compliance with Vehicle and Traffic Law § 1168 (d) (*id.* at 6).

However, as the Transit Defendants point out, the report of plaintiff's expert is not affirmed nor sworn, and so it is inadmissible (*Fiuzzi v Paragon Sporting Goods Co. LLC*, 212 AD3d 431, 433 [1st Dept 2023]). Although plaintiff provided an affirmed report in reply, plaintiff cannot cure this deficiency in his prima facie showing by submitting evidence for the first time in reply (*see e.g. American Tr. Ins. Co. v Longevity Med. Supply, Inc.*, 131 AD3d 841, 842 [1st Dept 2015]).

In any event, the opinion of plaintiff's expert that Bacchus violated Vehicle and Traffic Law § 1128 (d) is an impermissible legal conclusion (*Colon v Rent-A-Ctr., Inc.*, 276 AD2d 58, 61 [1st Dept 2000]; *Measom v Greenwich and Perry St. Hous. Corp.*, 268 AD2d 156, 159 [1st Dept 2000]). Second, the hazard envisioned in Vehicle and Traffic Law § 1128 (d) when crossing over into an adjoining lane is the hazard of striking any vehicle traveling in the adjoining lane separated by the solid white lane marking, so that the driver in the adjoining lane could reasonably expect that no vehicle the middle lane would attempt to cross the solid line. That was not the case here.

Therefore, plaintiff's motion for partial summary judgment in his favor against the Transit Defendants is denied.


II.     Defendants Soumahoro and Doukoure's cross motion for summary judgment

Defendants Soumahoro and Doukoure cross-move for summary judgment dismissing the complaint and all cross claims against them on the same grounds raised in plaintiff's motion for partial summary judgment in his favor against the Transit Defendants.

Their cross motion is denied, for the same reasons set forth above in the discussion of plaintiff's motion for partial summary judgment.


**CONCLUSION**

Accordingly, it is hereby

**ORDERED** that plaintiff's motion for partial summary judgment as to liability in plaintiff's favor against defendants New York City Transit Authority and Azad Bacchus is **DENIED**; and it is further

**ORDERED** that defendants Lassine Soumahoro and Ibrahima Doukoure's cross

---

[1] Plaintiff did not submit a copy of the NYS Department of Motor Vehicles Vehicle Driver's Manual. However, the Transit Defendants neither objected nor disputed that the quoted excerpt was accurate and applicable.

**152074/2020   SERRANO, CARMELO vs. NEW YORK CITY TRANSIT**     Page 4 of 5
**Motion No.  004**

[* 4]

motion for summary judgment dismissing the complaint and all cross claims against them is **DENIED**.

20240916151500RTSAICAA1E9340B044A33B155AF4102F96F56

| 9/16/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **RICHARD TSAI, J.S.C.** | |
| **CHECK ONE:** | CASE DISPOSED | | X NON-FINAL DISPOSITION | |
| **Plaintiff's Motion** | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **Cross Motion** | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152074/2020   SERRANO, CARMELO vs. NEW YORK CITY TRANSIT**
**Motion No.  004**

Page 5 of 5

5 of 5