Hempstead v Hammer & Steel, Inc. (2025 NY Slip Op 00020)

Hempstead v Hammer & Steel, Inc.

2025 NY Slip Op 00020

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 156963/17, 595699/17, 595927/17 Appeal No. 3371 Case No. 2023-05500 

[*1]Tyrell Hempstead, Plaintiff-Respondent,
v
Hammer & Steel, Inc., et al., Defendants-Appellants-Respondents, 9501 Ditmars Boulevard LLC et al., Defendants-Respondents-Appellants.
ICS Builders, Inc., Third-Party Plaintiff-Respondent-Appellant,
v
Peterson Geotechnical Construction LLC, Third-Party Defendant-Respondent-Appellant. Hammer & Steel, Inc., Second Third-Party Plaintiff-Appellant-Respondent,

Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria and Daniel Glattman of counsel), for appellants-respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Patrick J. Lawless of counsel), for respondents-appellants.
Kahn Gordon Timko & Rodrigues, P.C, New York (Nicholas I. Timko of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 3, 2023, which, to the extent appealed from as limited by the briefs, denied so much of the motion of defendant/second third-party plaintiff Hammer & Steel, Inc. (H&S), and defendant STS-Scheltzke GmbH & Co. KG (STS) for summary judgment dismissing the failure to warn, design defect, and breach of implied warranty of merchantability claims, and denied so much of the motion of defendants 9501 Ditmars Boulevard LLC and Enterprise Holdings, Inc., defendant/third-party plaintiff ICS Builders, Inc., and first and second third-party defendant Peterson Geotechnical Construction LLC (Peterson) for summary judgment dismissing the Labor Law § 240(1) claim, unanimously modified, on the law, to grant H&S and STS summary judgment dismissing the failure to warn claim insofar as predicated on the unit's operating instructions, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured when a cement mixer weighing more than 600 pounds fell and crushed him. STS manufactured the mixer, and H&S distributed it. Plaintiff was in the course of his work for Peterson at the time of his accident.
A defendant establishes its prima facie entitlement to summary judgment dismissing a strict products liability claim based on a failure to warn by demonstrating either that the product's warnings were adequate or that any allegedly inadequate warnings were not a proximate cause of the plaintiff's injuries, i.e., that additional or different warnings would not have deterred the product's misuse (see Reis v Volvo Cars of N. Am., Inc., 73 AD3d 420, 423 [1st Dept 2010]; Mulhall v Hannafin, 45 AD3d 55, 58 [1st Dept 2007]; Kosta v WDF, Inc., 204 AD3d 900, 902 [2d Dept 2022]). To the extent that this claim is based on the lack or inadequacy of the mixer's written operating instructions, H&S and STS met their prima facie burden through plaintiff's testimony that he did not read those instructions. In opposition, plaintiff did not raise an issue of fact (see Vasquez v Ridge Tool Pattern Co., 205 AD3d 657, 659 [1st Dept 2022]). However, defendants did not address the alleged lack or inadequacy of warnings or labels on the mixer itself, and so they were properly denied summary judgment dismissing the failure to warn claim to the extent the claims were based on the warning or labels on the mixer itself. Moreover, H&S and STS failed to eliminate all issues of fact insofar as the claim is based on training that, they claim, they directly gave plaintiff. STS's witness testified that he gave training on how to use the mixer to an H&S regional sales manager, Peterson's vice president, and a Peterson electrician who the witness testified was not plaintiff. Peterson's vice president then allegedly trained plaintiff as to the use of the mixer. Furthermore, plaintiff's coworker placed the mixer before plaintiff's accident, not plaintiff himself. This record is too attenuated for us to conclude as a matter law [*2]that the content of STS's training prior to plaintiff's accident adequately warned against misusing the mixer.
A defendant establishes its prima facie entitlement to summary judgment dismissing a strict products liability claim based on design defect by demonstrating either that the subject product was reasonably safe for its intended use or that the plaintiff's actions constituted the sole proximate cause of the injuries (see Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d 29, 33-34 [2011]; Morales v City of New York, 193 AD3d 923, 926 [2d Dept 2021]). H&S and STS failed to meet their prima facie burden here, where their expert engineer's affidavit was wholly conclusory as to the mixer's lack of a design defect and being reasonably safe for its intended use. In any event, plaintiff's expert engineer's detailed affidavit raised issues of fact precluding summary judgment. While H&S and STS take issue with the means and methods by which plaintiff's expert engineer reached some of his conclusions, those issues go to the weight to be afforded to his opinions, which is properly resolved by the finder of fact (see Yun Tung Chow, 17 NY3d at 33; DeCaro v Somerset Indus., Inc., 228 AD3d 1107, 1109 [3d Dept 2024]).
A defendant establishes its prima facie entitlement to summary judgment dismissing a claim for breach of the implied warranty of merchantability (UCC 2-314[2][c]; 2-318) by demonstrating that the goods at issue were reasonably fit for the ordinary purpose for which they were used, that the defect in the goods was not a proximate cause of the plaintiff's accident, or that the alleged defect did not exist at the time the goods left the defendant (see Denny v Ford Motor Co., 87 NY2d 248, 258-259 [1995]; Fiuzzi v Paragon Sporting Goods Co. LLC, 212 AD3d 431, 433 [1st Dept 2023]). While the two causes of action are not identical (Denny at 263), meaning that a design defect may not constitute a defect for purposes of the warranty of merchantability (see id. at 258-259), there nevertheless is "a high degree of overlap between the substantive aspects of the two causes of action" (id. at 256). This is such a case where the disposition of the claim for breach of the implied warranty of merchantability is the same as the design defect claim: the affidavit of H&S and STS's expert engineer failed to establish prima facie that the mixer was reasonably fit for the ordinary purpose for which it was used; and, in any event, the detailed affidavit of plaintiff's expert's engineer raised issues of fact precluding summary judgment.
Finally, the motion court properly denied summary judgment dismissing the Labor Law § 240(1) claim. While the elevation from which the mixer fell to the location where it came in contact with plaintiff may have been a matter of feet, the mixer was still capable of generating an amount of force significant enough to crush him (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Runner v New York Stock Exch., Inc., 13 [*3]NY3d 599, 605 [2009]). Additionally, the mixer needed to be secured for the purposes of the undertaking — indeed, the purpose of the undertaking was to secure it for transport (see Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759 [2008]; Outar v City of New York, 5 NY3d 731, 732 [2005]). While there is at least some testimony that plaintiff's shirt may have caught on the mixer and brought it down with him as he came off the trailer, the record is not sufficiently clear to find that to be the definitive version of events, leaving issues of fact as to the manner in which plaintiff's accident occurred (see Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025